.

**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated:  March 7 2018**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In Re:  Lindsey M. Young and Matthew H. Young, | Case No.  17-33507 |
| Debtor(s). | Chapter 7 |
| Westfield National Insurance Company, | Adv. Pro. No.  17-03109 |
| Plaintiff(s), | Judge Mary Ann Whipple |
| v. | |
| Matthew H. Young, | |
| Defendant(s). | |

## MEMORANDUM OF DECISION AND ORDER

This adversary proceeding is before the court on Plaintiff's "Complaint to Determine Dischargeability of Debt" ("Complaint") [Doc. #1].  Defendant  is one of the co- debtors in Chapter 7 Case No. 17-33507  in this court.  No attorney has entered an appearance on his behalf in this adversary proceeding. Plaintiff is a creditor of Defendant's pursuant to a state court judgment entered against him before Defendant commenced his Chapter 7 bankruptcy case.

On November 21,  2017, the Clerk issued a  summons and notice of pre-trial conference [Doc. # 2].  The return on service [Doc. # 3] shows that the summons and Complaint were timely and properly  served on Defendant.  The summons  required an answer or other response to the Complaint to be filed by December 22, 2017.

On January 18, 2018, the court held the pre-trial scheduling conference as set in the summons served with the Complaint. Attorney for Plaintiff appeared at the scheduling conference by telephone, but there was no appearance by or on behalf of Defendant. [*See* Doc. ## 6, 9]. Also, no answer or other response to the Complaint was filed and served by the December 22, 2017, deadline or otherwise. The Clerk therefore entered Defendant's default. [Doc. ## 7, 8].

Plaintiff filed its motion for default judgment on January 30, 2018. [Doc. # 10]. The motion was served by first class mail on Defendant at the address set forth in his bankruptcy petition. The court scheduled a hearing on the motion, notice of which was also served on Defendant at the address set forth in his petition. [Doc. ## 11, 12].

On March 1, 2018, the court held the hearing on the motion. Plaintiff appeared by telephone at the hearing. There was no appearance by or on behalf of Defendant. Review of the record shows that no answer or other response to the Complaint or motion has ever been filed. Plaintiff provided information from the Department of Defense Manpower Data Center as an exhibit to the motion showing that Defendant is not in the military service of the United States, thereby complying with the Servicemembers Civil Relief Act. Therefore, pursuant to Fed. R. Civ. P. 55, made applicable by Fed. R. Bankr. P. 7055, Plaintiff's motion for default judgment will be **GRANTED.**

The legal basis for Plaintiff's Complaint is 11 U.S.C. § 523(a)(4),[1] which provides that a debt incurred under certain circumstances involving misappropriation shall be excepted from a debtor's bankruptcy discharge. The debt in issue is based on a state court judgment. The district court has jurisdiction over the Debtors' underlying Chapter 7 bankruptcy case and this adversary proceeding. 28 U.S.C. § 1334. The Chapter 7 case and all proceedings arising therein, including this adversary proceeding, have been referred to this court for decision. 28 U.S.C. § 157(a) and General Order No. 2012-07 of the United States District Court for the Northern District of Ohio. This adversary proceeding is a core proceeding in which this court can make a final determination because it involves a determination as to the dischargeability of a particular debt. 28 U.S.C. § 157(b)(2)(I).

The court finds that notice, including the service of the summons and Complaint pursuant

---

[1]

Plaintiff also identified § 523(a)(2) and (a)(6) as alternative statutory bases for nondischargeability of the debt owed to it. The court will not separately address the applicability of these provisions due to its determination that the debt is non-dischargeable under § 523(a)(4).

2

to Fed. R. Bankr. P. 7004(b)(9), [*see* Doc. # 3, pp. 2], has been duly and properly been served upon Defendant at all stages of this adversary proceeding and in the underlying Chapter 7 case. No mail to Defendant from the court to the address shown in the Chapter 7 petition has been returned. The court therefore finds that Defendant has failed to plead or otherwise defend this action as required by the applicable rules of procedure.

In order to except a debt from discharge under a subsection delegated to the bankruptcy court to determine by § 523(c), a plaintiff must prove each of the elements of the cause of action by a preponderance of the evidence. *See Grogan v. Garner*, 498 U.S. 279, 291 (1991); *Rembert v. AT&T Universal Card Services, Inc. (In re Rembert)*, 141 F.3d 277, 281 (6th Cir. 1998). Exceptions to discharge are to be strictly construed against the creditor. *Rembert*, 141 F.3d at 281.

Defendant's failure to answer the complaint does not, standing alone, entitle Plaintiff to a default judgment as a matter of right. *American Express Centurion Bank v. Truong (In re Truong),* 271 B.R. 738, 742 (Bankr. D. Conn. 2002); *Webster v. Key Bank (In re Webster)*, 287 B.R. 703, 709 (Bankr. N.D. Ohio 2002); *Columbiana County Sch. Emples. Credit Union, Inc. v. Cook (In re Cook)*, 2006 Bankr. LEXIS 446 at *9--*10 (B.A.P. 6th Cir. Apr. 3, 2006). In determining whether a default judgment is appropriate, "the court should [accept] as true all of the factual allegations of the complaint, except those relating to damages" and afford plaintiff "all reasonable inferences from the evidence offered." *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). Yet the court must still decide whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. *Smith v. Household Fin. Realty Corp. of New York (In re Smith)*, 262 B.R. 594, 597 (Bankr. E.D.N.Y. 2001).

In this proceeding, the Complaint was not detailed enough to enable the court to find that Plaintiff had established its cause of action for nondischargeability under § 523(a)(4). In accordance with Rule 55(b)(2) of the Federal Rules of Civil Procedure, which applies in this adversary proceeding pursuant to Rule 7055 of the Federal Rules of Bankruptcy Procedure, additional facts were provided to the court in an affidavit appearing as an exhibit to the motion to substantiate and establish Plaintiff's § 523(a)(4) cause of action against Defendant.

Under § 523(a)(4), a debt is excepted from discharge if it is a debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." Embezzlement and larceny are defined and determined according to federal law. *Graffice v. Grim (In re Grim)*, 293 B.R. 156, 165-

3

66 (Bankr. N.D. Ohio 2003). Where embezzlement or larceny are asserted, there is no requirement to prove that the debtor also acted in a fiduciary capacity. *See Peavey Electronics Corp. v. Sinchak (In re Sinchak)*, 109 B.R. 273, 276 (Bankr. N.D. Ohio 1990) (stating the element of "fiduciary capacity" in § 523(a)(4) refers only to "fraud or defalcations" and need not be present where embezzlement is the exception relied upon).

The Sixth Circuit defines embezzlement for purposes of § 523(a)(4) as "the fraudulent appropriation of property by a person to whom such property has been entrusted or into whose hands it has lawfully come." *Brady v. McAllister (In re Brady)*, 101 F.3d 1165, 1172-73 (6th Cir. 1996). A creditor proves embezzlement by establishing that (1) he entrusted his property to the debtor or debtor lawfully obtained the property, (2) the debtor appropriated the property for a use other than that for which it was intended, and (3) the circumstances indicate fraud. *Id.* at 1173. For purposes of § 523(a)(4), larceny is defined as "the fraudulent and wrongful taking and carrying away of the property of another with intent to convert such property to the taker's use without the consent of the owner." *Graffice v. Grim (In re Grim)*, 293 B.R. 156, 165-66 (Bankr. N.D. Ohio 2003) (citing *Schreibman v. Zanetti-Gierke (In re Zanetti-Gierke),* 212 B.R. 375, 381 (Bankr. D. Kan. 1997)). Embezzlement differs from larceny only in that the original taking was lawful but an embezzlement of the property then occurred.

The court finds that Plaintiff has established a cause of action for exception of the state court judgment from Defendant's bankruptcy discharge based on the embezzlement exception of § 523(a)(4). The factual averments of the Complaint, together with the affidavit submitted with the motion,[2] show that Plaintiff's insured, a convenience store, employed Defendant as a clerk. As such, Defendant handled lottery tickets and the proceeds of sale, establishing the first element of a § 523(a)(4) claim based on embezzlement, since the funds at issue came into his hands lawfully and

---

[2] At the court's request made at the hearing, Plaintiff supplemented the motion with additional information about the criminal law implications of Defendant's conduct. [Doc. # 14]. That information shows that Defendant plead no contest to the criminal charges that were asserted against him. Under Ohio law, however, a "plea of no contest . . . shall not be used against the defendant in any subsequent civil or criminal proceeding." Ohio R. Crim. P. 11(B)(2). Moreover, the Federal Rules of Evidence, which apply in bankruptcy cases, Fed. R. Evid. 1101; Fed. R. Bankr. P. 9017, provide that evidence of a "plea of nolo contendere" is not admissible in any civil or criminal proceeding, Fed. R. Evid. 410(2), 803(22); *accord*, Ohio R. Evid. 410(A)(2). And a conviction based on a plea of no contest will not be given collateral estoppel effect, *see, e.g.*, *Raiford v. Abney (In re Raiford)*, 695 F.2d 521, 523 (11th Cir. 1983); *see also, e.g.*, *Vogel v. Kalita (In re Kalita)*, 202 B.R. 889, 896-98 (Bankr. W.D. Mich. 1996) (plea of nolo contendere does not give rise to collateral estoppel because no issues were actually litigated). As such the outcome of those proceedings is not properly considered by the court in this context and has been otherwise disregarded in reaching this decision.

with the insured employer's consent as part of his job duties.

The affidavit shows that Defendant engaged in a scheme to appropriate funds from the insured employer's lottery cash deposits by forging winning lottery tickets to increase the amounts won, then keeping the increased amounts for himself. These facts establish the second element of the § 523(a)(4) cause of action for embezzlement, namely that Defendant appropriated lottery cash for purposes other than the use intended by his employer in engaging in his assigned job duties.

The third element of the § 523(a)(4) cause of action–that the circumstances are indicative of fraud-- is also shown by the facts describing the nature of Defendant's scheme, which was repetitive and required intentional fraudulent activity via forgery and deception to achieve. The thefts occurred over a three month period of time from August 2014 through October 2014, [Doc. # 10, p. 5/11, ¶ 3. 7], belying the possibility of a one-off innocent mistake or a simple misunderstanding.

Between its Complaint and the affidavit attached to the motion, Plaintiff has thus met all three elements of proof of an embezzlement and established that Defendant has incurred a debt that is non-dischargeable under § 523(a)(4).

Plaintiff insured Defendant's employer against the loss incurred by his conduct and reimbursed it for the loss caused by Defendant's theft, in the amount of $9,016.84. As subrogee for its insured, Plaintiff then obtained a judgment against Defendant in an Ohio state court. As such, it has standing to assert its insured's rights against Defendant to assert the nondischargeability claim on account of the judgment debt. Plaintiff has established that Defendant owes it a debt that is non-dischargeable under § 523(a)(4).

Based on the foregoing reasons and authorities, Plaintiff's Motion for Default Judgment [Doc. # 10] is hereby **GRANTED.** A separate, final judgment against Defendant in accordance with this Memorandum of Decision and Order shall be entered by the Clerk.

**IT IS SO ORDERED.**

5